[No. 11348.   Department One.   April 29, 1914.]

DORA W. TROUTMAN, *Appellant*, v. ROBERT G. POLHILL et al., *Respondents.*[1]

ACCOUNTING — DEFENSES — LACHES.   An action for an accounting upon a grub-stake contract for prospecting in Alaska is barred by the laches of the plaintiff, where the action was not commenced until thirteen years after the contract was made, and eight years after the defendant had finally left the country, he being ignorant of the fact that the contract was made by plaintiff's husband in her name.

MINES AND MINERALS—GRUB-STAKE CONTRACT—CONSTRUCTION.   A grub-stake contract entitling plaintiff to share in all proceeds derived from defendant's prospecting and mining in Alaska as long as he remains there, is a continuing contract having reference to net proceeds; and creates no liability for earnings brought out and reinvested for another outfit which was lost on continuing the venture.

Appeal from a judgment of the superior court for Jefferson county, Still, J., entered March 28, 1913, upon findings in favor of the defendants, in an action for an accounting tried to the court.   Affirmed.

*P. P. Carroll, J. W. B. Scott,* and *John E. Carroll,* for appellant.

*James B. Bruen,* for respondents.

GOSE, J.—Action upon a contract for an accounting. Judgment for defendants.   Plaintiff appeals.

On the 24th day of January, 1898, one D. O. Troutman, in the name of his wife, the plaintiff, entered into a contract in writing with defendant R. G. Polhill and one A. W. Jerry, wherein he agreed to, and did, advance to them the sum of $500, "as part grub-stake or outfit" for prospecting and mining in Alaska Territory.   It was agreed that all finds

[1]Reported in 140 Pac. 319.

or locations made by Polhill and Jerry should be owned in equal parts by the three parties to the contract. It was further agreed that Polhill and Jerry would pay to Troutman one-third "of all the proceeds derived from said venture;" that wages earned should be considered a find, and divided accordingly, and that the agreement should continue "during the entire time and period" that Polhill and Jerry "are in such Klondike country, Alaska Territory or the Northwest Territory of British America," and that they should, from time to time, as it was practicable, report their "doings and successes" to Troutman. This action was commenced in January, 1911, thirteen years after the date of the execution of the contract.

The record shows that Jerry presumably lost his life in Alaska, probably in 1898. He and Polhill went to Alaska in February, 1898. The record also shows that D. O. Troutman disappeared in 1899. The heirs of Jerry, if he has any, are not parties to the action. The respondent Polhill did not know that the appellant advanced the money, or that she had any interest in the contract. The contract was made with her husband D. O. Troutman, who signed her name and acknowledged the contract without disclosing that fact to either Polhill or Jerry. So far as appears from the record, the respondent did not know the appellant's name had been signed to the contract until the commencement of this action. The respondent Polhill went to Alaska in February, 1898. He returned in October, 1899, bringing with him $713.02. He spent this money for an outfit, and returned to Alaska in the spring of 1900. He returned to Seattle in October, 1901, bringing with him $237.22. He spent this money, with money of his own, for machinery and provisions, and returned to Alaska the following spring, and came out of Alaska in the fall of 1903, sick and penniless. The appellant contends that she should have one-half of the money brought out in 1899 and 1901.

We do not think that she is entitled to any relief. The trial court concluded, as a matter of law, that she was guilty of "gross laches" in commencing her action. We acquiesce in this view. A reference to the dates will disclose that her action was commenced about thirteen years after the contract was made, and about eight years after Polhill finally left Alaska. She admits that she personally had no transaction with Polhill, and that he knew nothing about her relation to the contract. She made no attempt in her testimony to excuse the delay in asserting her claim; nor did she attempt to show that she had ever made any claim upon Polhill prior to the commencement of the action.

There is another reason why she cannot recover. The contract provides for a division "of all the proceeds derived from said venture," and that wages earned should be treated as proceeds. Viewing the contract as an entirety, the word "proceeds" means net proceeds. Again, the contract is a continuing one and operates so long as Polhill was in the Alaska country. The net result of his prospecting and mining ventures in Alaska Territory is that, in the fall of 1903, he returned, as the court found, "without funds, sick with the scurvy, and greatly broken in health." We think both views are so elementary that the citation of sustaining authority is unnecessary.

The judgment is affirmed.

Crow, C. J., Ellis, Main, and Chadwick, JJ., concur.